IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

SHAUNEILLE SHARIFA (MORTON)  )
                                                                            )
    v.                                            )     NO. 3:17-1400
                                                                            )
WELLS FARGO/ASC                   )

**TO:**    Honorable Waverly D. Crenshaw, Jr., Chief District Judge

# R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered October 31, 2017 (Docket Entry No. 7), the Court referred this *pro se* action to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending before the Court is the motion to dismiss filed by Defendant Wells Fargo Bank, N.A. (Docket Entry No. 52), to which Plaintiff has responded in opposition. *See* Docket Entry Nos. 55 and 57. For the reasons set out below, the undersigned respectfully recommends that the motion to dismiss be granted and that this action be dismissed.

## I. BACKGROUND

Shauneille Sharifa (Morton) ("Plaintiff") is a resident of Madison, Tennessee. In 2006, she entered into a home loan ("the Loan") with New Century Mortgage Corporation ("New Century") to purchase a house located at 2268 Gilmore Crossing Lane in Nashville, Tennessee

1

("the Property").[1] The Loan was secured with a Deed of Trust on the Property.[2] Although Plaintiff entered into a loan modification agreement in 2010,[3] she eventually defaulted on the Loan by failing to make monthly payments, and the Property was sold at a foreclosure sale on July 12, 2016.

The next day, Plaintiff filed a *pro* se lawsuit in the Circuit Court for Davidson County, Tennessee, Case No. 16C1869 ("the 2016 State Court Case"), against Wells Fargo/ASC ("Wells Fargo" or "Defendant"), which had become the loan servicer for the Loan after its execution in 2006. In the lawsuit, Plaintiff claimed that she had not been given notice of the foreclosure sale, that the foreclosure sale was illegal because Wells Fargo did not have a claim to the property and could not produce the original note, and that she was entitled to what she asserted were proceeds from the foreclosure sale that were in excess of what she contended was still owed by her on the Loan.[4] The lawsuit was dismissed in favor of Wells Fargo when the state trial court entered summary judgment on the merits in favor of Wells Fargo on November 27, 2017.[5] Plaintiff unsuccessfully appealed the dismissal of her case to the Tennessee Court of Appeals, which affirmed the decision of the trial court on October 31, 2019, and her subsequent application for permission to appeal to the Tennessee Supreme Court was denied. *Sharifa (Morton) v. Wells Fargo/ASC*, 2019 WL 5664095 (Tenn. Ct. App. Oct. 31, 2019), *appeal denied* (Mar. 26, 2020).

During the pendency of the 2016 State Court Case, Plaintiff initiated a second lawsuit involving the Property by filing, on September 21, 2017, another *pro se* lawsuit against Wells

---

[1] *See* Docket Entry No. 52-1.
[2] *Id.*
[3] *See* Docket Entry No. 52-2.
[4] *See* Docket Entry No. 52-4.
[5] S*ee* Docket Entry No. 52-5.

Fargo in the Circuit Court for Davidson County, Tennessee. Plaintiff's pleading is styled as "claims of wrongful foreclosure" and consists of the following single paragraph as the only supporting statement:

> This lawsuit filed on September 20, 1017 (sic), by the Plaintiff alleges a wrongful foreclosure by Wells Fargo. The Plaintiff purchased the home at 2268 Gilmore Crossing Ln, Nashville, TN in 2006 and alleges that the defendant, Wells Fargo is in violation of RISPA and TILA laws and should provide proof that they had the legal right to enforce the note and the legal standing to bring foreclosure action. The Plaintiff further alleges that Wells Fargo retained down payment, equity, profit (from auction) and relocation money; stating that there were "many liens" on the property. However, there were NO liens on the property. Plaintiff alleges that the Defendant engaged in "predatory lending" and targeted minorities in a pattern and scheme that would eventually strip minority buyers of their down payments, mortgage payments and their homes. In this case, the Plaintiff alleges punitive damages (Wells Fargo has continuously withheld relocation money and equity and the withholdings have caused the Plaintiff irreparable damages.) as well as rights to possession of the deed, profit and relocation money. The Plaintiff demands the Note and the satisfaction of these items and asks the Court to grant that relief.

*See* Docket Entry No. 1-1 at 4-5.

Wells Fargo removed the lawsuit to this Court on the basis of diversity jurisdiction and federal question jurisdiction, s*ee* Notice of Removal (Docket Entry No. 1), and responded to the lawsuit with a succession of filings that sought dismissal for failure to state a claim upon which relief can be granted and on the basis of *res judicata* because of the entry of summary judgment in the 2016 State Court Case. *See* Docket Entry Nos. 5, 10, 12, and 14. Because Plaintiff's response to the filings included an assertion that the 2016 State Court Case was not a final decision due to the then pending appeal, the Court stayed the case pending resolution of the appeal. *See* Order entered April 16, 2018 (Docket Entry No. 17). Upon final resolution of the 2016 State

Court Case, the Court lifted the stay, *see* Order entered May 11, 2020 (Docket Entry No. 46), and a scheduling order (Docket Entry No. 49) was thereafter entered.[6]

In lieu of an answer, Defendant renewed its request to dismiss the case by filing the pending motion to dismiss. Because the motion raises defenses that would result in the dismissal of the entire case if found to be meritorious, the Court has held in abeyance all proceedings in the case, other than briefing on the motion to dismiss, until resolution of the motion. *See* Order entered August 4, 2020 (Docket Entry No. 61). Plaintiff nonetheless filed an amended complaint (Docket Entry No 62), which Wells Fargo has moved to strike. *See* Docket Entry No. 72.

## II. MOTION TO DISMISS AND RESPONSE

In its motion to dismiss, Wells Fargo argues that: 1) Plaintiff's complaint fails to satisfy the minimum pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure because it consists largely of conclusory assertions that are unsupported by specific factual allegations; 2) to the extent that Plaintiff's reference to "violation[s] of RISPA and TILA laws" can be construed as an attempt to state claims under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*, and the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.,* any claims under these statutes are barred by the applicable one and three year statutes of limitations; 3) Plaintiff's allegations fail to state claims upon which relief can be granted; and, 4) the claims Plaintiff seeks to pursue in the instant lawsuit are barred by the doctrine of *res judicata* because of the resolution of the 2016 State Court Case in favor of Wells Fargo. *See* Memorandum in Support (Docket

---

[6] On December 16, 2019, Plaintiff filed a *pro se* lawsuit in this Court against Wells Fargo and Shapiro & Ingle, LLP, seeking to quiet title to the Property and raising other claims. S*ee Morton v. Wells Fargo, ASC*, 3:19-01120. On May 18, 2020, this lawsuit was dismissed without prejudice upon Plaintiff filing of a notice of nonsuit.

4

Entry No. 53). Attached as exhibits to the motion are: (1) a copy of the Adjustable Rate Note Plaintiff entered into in 2006 and the Deed of Trust for the Property (Docket Entry No. 52-1); (2) a copy of the December 29, 2010 Loan Modification Agreement entered into by Plaintiff (Docket Entry No. 52-2); (3) a copy of a July 12, 2016, Substitute Trustee's Deed (Docket Entry No. 52-3); (4) a copy of the complaint filed by Plaintiff in the 2016 State Court Case (Docket Entry No. 42-4); (5) a copy of the trial court order granting summary judgment to Wells Fargo in the 2016 State Court Case (Docket Entry No. 52-5); and, (6) a copy of the mandate and judgments issued by the state appellate courts in the 2016 State Court Case (Docket Entry No. 52-6).

In response, Plaintiff "respectfully asks the court to deny the Defendant's Motion to Dismiss until the Defendant rectifies the two deed transfers to the property litigated in this claim and further remedies the fraudulent misrepresentations in several exhibits. *See* Response in Opposition (Docket Entry No. 55) at 1. In her amended response, Plaintiff "respectfully moves the court to deny any and all considerations of the Defendant until their actions are fully exonerated by the court" and argues that Wells Fargo "has transferred the property in question to another party and will go to any length to avoid exposure to the court. The Plaintiff is clearly litigating for rights to property in which the Defendant has bypassed the court's authority." *See* Amended Response in Opposition (Docket Entry No. 57) at 1 and 3. Plaintiff further asserts that facts disclosed in 2018 as part of filings by Wells Fargo with the Securities and Exchange Commission reveal that Wells Fargo engaged in illegal mortgage practices and predatory lending and that these newly discovered facts support her claims and should have led to the return of the Property to her. *Id.* at 3.

5

In its reply (Docket Entry No. 63), Wells Fargo contends Plaintiff fails to directly respond to the arguments for dismissal raised in its motion and that the issues raised in Plaintiff's response and amended response in opposition do not support the denial of its request to dismiss the lawsuit.

### III.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) requires a complaint to contain "enough facts to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007)).  To be facially plausible, a claim must contain sufficient facts for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  A plaintiff's factual allegations must "do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief."  *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555).

In its review of a Rule 12(b)(6) motion, the Court must accept as true all of the well-pleaded allegations contained in the complaint, resolve all doubts in the plaintiff's favor, and construe the complaint liberally in favor of the *pro se* plaintiff.  *See  Kottmyer v. Maas*, 436 F.3d 684 (6th Cir. 2006); *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11-12 (6th Cir. 1987).  Although the Court is required to liberally construe the *pro se* pleadings, this does not require the Court to apply a more lenient application of the substantive law.  *See Bennett v. Batchik*, 1991 WL 110385 at *6 (6th Cir. 1991) (citing *Wolfel v. United States*, 711 F.2d 66, 67 (6th Cir. 1983)); *Lyons v. Thompson*, 2006 WL 463111 at *4 (E.D. Tenn. Feb. 24, 2006).  Nor is the Court required to supply or assume facts that are not pled or

6

create claims that are not pled. *See Bell v. Tennessee*, 2012 WL 996560, *9 (E.D. Tenn. March 22, 2012) (quoting *Thompson v. A.J. Rose Mfg. Co.*, 208 F.3d 215 (6th Cir. 2000).[7]

## IV. ANALYSIS

The motion to dismiss of Wells Fargo should be granted. All the claims raised by Plaintiff in her original complaint arise from the Property, Plaintiff's mortgage loan on the Property, or the foreclosure sale of the Property. However, these claims cannot be pursued in this lawsuit because they are barred by the doctrine of *res judicata*. To the extent that Plaintiff seeks to expand upon the claims raised in her original complaint via the amended complaint that was filed after the motion to dismiss, her effort fails to save her lawsuit from dismissal because the amended complaint is both procedurally improper and futile.

A. Original Complaint

The doctrine of *res judicata* is an affirmative defense to claims brought by a party and provides that a final judgment on the merits of an action precludes the "parties or their privies from relitigating issues that were or could have been raised" in a prior action. *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995) (citing *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394,

---

[7] In reviewing the motion to dismiss, the Court can consider the orders in the 2016 State Court Case, as well as the documents related to the Loan and Property, without converting the motion to a motion for summary judgment. *See Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008); *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999), *overruled on other grounds by Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (in ruling on a Rule 12(b)(6) motion, the court may "consider public records, matters of which a court may take judicial notice, and letter decisions of governmental agencies"); *Vaughn v. Metro. Gov't of Nashville & Davidson Cty.*, 2014 WL 234200, at *3 (M.D. Tenn. Jan. 22, 2014) (Trauger, J.); *Lee v. Dell Products, L.P.*, 236 F.R.D. 358, 361 (M.D. Tenn. 2006).

398 (1981)). This Court must give the same effect to the Tennessee state court judgment in Plaintiff's prior state court case as would be afforded by another Tennessee state court. *Hanger Prosthetics & Orthotics E., Inc. v. Henson*, 299 Fed.App'x 547, 554 (6th Cir. 2008). Tennessee law provides that parties asserting a *res judicata* defense must demonstrate "(1) that a court of competent jurisdiction rendered the prior judgment, (2) that the prior judgment was final and on the merits, (3) that both proceedings involved the same parties or their privies, and (4) that both proceedings involved the same cause of action." *Gerber v. Holcomb*, 219 S.W.3d 914, 917 (Tenn. Ct. App. 2006) (quoting *Young v. Barrow*, 130 S.W.3d 59, 64 (Tenn. Ct. App. 2003)). Wells Fargo has met each of these elements and has satisfied its burden of showing that *res judicata* applies to the instant lawsuit, as detailed in Wells Fargo's supporting memoranda and exhibits.

Some of the claims Plaintiff raises in the original complaint - wrongful foreclosure, Wells Fargo's legal right to enforce the note, and Wells Fargo's alleged wrongful retention of proceeds from the foreclosure sale – are claims that were addressed on the merits and adjudicated in favor of Wells Fargo in the 2016 State Court Case. These claims, in whatever form they are raised by Plaintiff, cannot be re-litigated in the instant lawsuit because they have already been decided against Plaintiff as part of the 2016 State Court Case. *Res judicata* is meant to prevent parties from re-litigating claims that have already been heard and decided, which is exactly what Plaintiff is attempting to do in this lawsuit.

Furthermore, any additional claims that Plaintiff is attempting to pursue in her compliant related to the validity of Wells' Fargo's rights to the Property and Wells Fargo's conduct related to the Loan, including allegations of RESPA and TILA violations, [8] predatory and racial

---

[8] Although the Court finds that *res judicata* requires the dismissal of Plaintiff's RESPA and TILA claims, the Court also finds that Plaintiff fails to set out actual claims under RESPA and

8

discriminatory lending, and retention of "relocation money" and equity – are all claims that could have, and should have, been raised in the 2016 State Court Case. Accordingly, these claims are also barred from being raised in the instant lawsuit by principles of *res judicata*. *See Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 777 (6th Cir. 2009) ("The doctrine of *res judicata* prohibits not only re-litigation of all claims or issues which were actually litigated, but also those which could have been litigated in a prior action."). One of the underlying purposes of *res judicata* is to prevent the piecemeal litigation of claims that arise from the same situation or the same common nucleus of facts.

In her initial response (Docket Entry No. 55), Plaintiff raises three main arguments in opposition to the motion to dismiss. These arguments, none of which actually address the *res judicata* defense, lack merit and fail to support the denial of Wells Fargo's motion to dismiss.

First, Plaintiff argues that the motion to dismiss should not be considered because Section 52 of the Transfer of Property Act prevents the sale of property that is the subject of pending litigation. However, as noted by Defendant in its reply, the Transfer of Property Act is a law in the country of India and has no applicability to the facts of this case.

Second, Plaintiff contends that counsel for Wells Fargo has violated Rule 11 of the Federal Rules of Civil Procedure and Rules 3.4 and 8.4(c) of the Tennessee Rules of Professional Conduct

---

TILA. The entirety of Plaintiff's allegation as to RESPA and TILA is that Wells Fargo "is in violation" of these statutes. This type of conclusory and cursory assertion fails to state a claim for relief. *See Hutchens v. Bank of Am. N.A.,* 2012 WL 1618316, *7 (E.D.Tenn. May 9, 2012) (plaintiffs failed to state a claim for relief when they did not allege what, if any, provision of the TILA was violated by any defendant or how any defendant violated that provision); *Marshall v. Mortgage Electronic Registrations Sys.,* 2010 WL 3790248, *4 (E.D.Mich. Sept.22, 2010) (the plaintiff's *pro se* status does not permit the court to conjure up a claim when the plaintiff failed to point to any particular provision of RESPA upon which her RESPA claim was based). Because Plaintiff fails to state even minimally adequate claims under these statutes, it is unnecessary to address Wells Fargo's alternative statute of limitation defense.

9

because counsel has falsely represented that the exhibit attached to the motion to dismiss that purports to be the complaint in the 2016 State Court Case is not the entire complaint that Plaintiff filed in the 2016 State Court Case. The Court has already addressed this issue and has found no merit in Plaintiff's argument that a false or incomplete document has been filed by counsel for Wells Fargo. *See* Order entered August 3, 2020 (Docket Entry No. 60).

Third, Plaintiff argues that Wells Fargo did not have any legal standing to take any action related to the Property or the Loan. This argument is foreclosed by *res judicata*. Any arguments by Plaintiff that Wells Fargo did not have a legal right to seek recoupment on the Loan or to foreclose on the Property, or to take any other types of action related to the Loan and/or the Property, are arguments that should have been raised in the 2016 State Court Case. Accordingly, these arguments cannot be raised as part of this lawsuit.[9]

In her amended response (Docket Entry No. 57), Plaintiff again raises her argument that counsel for Wells Fargo has not provided the Court with the entire complaint in the 2016 State Court Case, and she provides three exhibits which she contends support her argument. As set out *supra*, the Court has already found Plaintiff's argument on this issue to lack merit. Nothing presented in the amended response changes this conclusion.

Plaintiff also argues that filings made by Wells Fargo with the Security and Exchange Commission in 2018 show that it engaged in illegal and harmful mortgage practices that impacted homeowners across the country during the time frame of her complaint. She contends Wells Fargo should have disclosed these activities during her 2016 State Court Case and immediately

---

[9] Although Wells Fargo, in its reply, asserts that Plaintiff's argument about "legal standing" is misplaced because the issue of legal standing is not actually at issue, the Court views Plaintiff's use of this term as referring to a more general concept of the "legal rights" of Wells Fargo.

returned the Property to her in light of the information contained in the filings. She argues that the information is material to her claims and should be viewed as a post judgment fact in support of her claims. Plaintiff's argument fails to support the denial of the motion to dismiss. First, to the extent that Plaintiff believes that disclosure of the 2018 SEC filing by Wells Fargo were appropriately considered in the 2016 State Court Case, she should have pursued her position via filings made in that case. Further, Plaintiff fails to set forth any actual legal argument for how the 2018 SEC filing supports the claims made in her original complaint and negates the preclusive impact of *res judicata* on those claims.

B. Amended Complaint

Because Plaintiff's response and amended response in opposition to the motion to dismiss do not provide a basis upon which to deny the motion to dismiss, the only means by which Plaintiff can keep the instant lawsuit from being dismissed is if the amended complaint that she filed sets out viable legal claims that are not subject to dismissal. The Court finds that it does not and that the amended complaint is futile because it too is subject to dismissal.

Procedurally, Plaintiff's filing of the amended complaint was improper. Because the amended complaint was filed more than 21 days after service of Wells Fargo's motion to dismiss, Plaintiff is not permitted to amend her complaint as a matter of course, *see* Fed. R. Civ. P. 15(a)(1), and was required to either obtain the written consent of Wells Fargo to file the amended complaint or obtain leave of the Court prior to filing the amended complaint. Fed. R. Civ. P. Rule 15(a)(2). However, Plaintiff presented the amended complaint to the Clerk for filing without obtaining the consent of Wells Fargo or leave from the Court to amend her complaint. Thus, the amended

11

complaint is properly stricken for this reason without consideration of the content of the amended complaint.[10]

The Court also notes that, although Plaintiff contends in her amended complaint that she is bringing her action pursuant to Rule 23 of the Federal Rules of Civil Procedure, which provides the procedures applicable to filing and pursing a class action, a lawsuit may not be certified as a class action merely by virtue of its designation as such in the pleadings or by a mere repetition of the language of Rule 23. *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996). Additionally, as a *pro se* party, Plaintiff is not a proper class representative, s*ee Ziegler v. Michigan*, 90 Fed.App'x. 810 (6th Cir. January 23, 2004); *Palasty v. Hawk*, 15 Fed.App'x. 197 (6th Cir. June 20, 2001); *Howard v. Dougan*, 221 F.3d 1334, 2000 WL 876770 (6th Cir. June 23, 2000);

Nonetheless, given Plaintiff's *pro se* status, the Court can liberally construe her amended complaint to include a request for leave to amend. Although Rule 15(a)(2) requires the Court to freely give leave to amend when justice so requires, leave to amend may be denied for an "apparent or declared reason." *Foman v. Davis*, 371 U.S. 178, 182 (1962). One reason supporting the denial of leave to amend is if the proposed amendments would be futile because it would not withstand a motion to dismiss brought pursuant to Rule 12(b)(6). *See Foman*, *supra*; *Kottmyer v. Maas*, 436 F.3d 684, 692 (6th Cir. 2006); *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005); *Thiokol Corp. v. Department of Treasury*, 987 F.2d 376 (6th Cir. 1993); *Marx v. Centran*

---

[10] Wells Fargo also argues that the amended complaint was filed on August 7, 2020, which was after the Court entered the August 4, 2020, stay of all proceedings other than the filing of a reply brief by Wells Fargo. However, because Plaintiff receives notice of the Court's orders via the U.S. Mail and because of the short period of time between entry of the stay and the filing of the amended complaint, it is not apparent to the Court that Plaintiff had notice of the stay at the time that she sent the amended complaint for filing.

12

*Corp.*, 747 F.2d 1536, 1550 (6th Cir. 1984); *Development Corp. v. Advisory Council on Historic Preservation*, 632 F.2d 21, 23 (6th Cir. 1980).

Plaintiff's amended complaint, even if it had been properly presented as a proposed amended complaint attached to a motion for leave to amend, fails to present viable claims. Because the amended complaint presents claims that would be subject to dismissal for failure to state a claim, it is futile and does not provide a basis upon which to deny the motion to dismiss and to continue this lawsuit.

Some of the claims set out in the amended complaint - wrongful foreclosure because of lack of notice and wrongful retention of profits of proceeds by Wells Fargo - are claims that are foreclosed by *res judicata* for the reasons already explained herein. Several of the other claims raised in the amended complaint – conversion by Wells Fargo because it did not possess a valid assignment or legal rights in the Property, racially discriminatory lending practices, and the wrongful denial of a loan modification – are claims that should have been raised in the 2016 State Court Case and are likewise barred by *res judicata*. Two of the other claims raised – "Consumer Fraud Act" and "Elder Abuse" – are simply unsupported by any factual allegations that show a plausible and cognizable legal claim. Similarly, Plaintiff's references to the "Consumer Fraud Act" and "Elder Abuse" are unsupported by any references to actual statutory provisions that afford Plaintiff a legal cause of action.

Plaintiff's final claim in the amended complaint is a claim for negligence and/or fraud that is based upon the 2018 SEC filings made by Wells Fargo. As part of these filings, Wells Fargo acknowledges that a calculation error in an underwriting tool led to several hundred homeowners, who were in the foreclosure process during the time period between April 13, 2010, and October 20, 2015, being denied a loan modification to which they otherwise might have obtained.

13

*See* Attachment to Amended Complaint (Docket Entry No. 62 a 21). For some of these homeowners, a foreclosure eventually occurred. *Id*.

While this SEC filing certainly set out information that is not positive for Wells Fargo, the filing does not itself evidence "illegal and harmful mortgage practices" as asserted by Plaintiff, and Plaintiff fails to show an actual legal claim that arises from the asserted conduct at issue. Plaintiff refers to "HAMP," which the Court assumes is a reference to the Home Affordable Modification Program, and contends that Wells Fargo bears liability for its alleged denial of loan modifications under HAMP. *See* Amended Complaint at 4 and 9-10. However, federal courts have uniformly concluded that HAMP does not contain a private right of action based upon the denial of a loan modification. *See Campbell v. Nationstar Mortgage*, 611 Fed.App'x 288, 300 (6th Cir. May 6, 2015) *cert. denied*, 136 S. Ct. 272 (2015); *Grona v. CitiMortgage, Inc.*, 2012 WL 1108117, * 5 (M.D. Tenn. April 2, 2012) (Campbell, J.); *JP Morgan Chase Bank v. Horvath*, 2012 WL 995397, *2 (S.D. Ohio March 23, 2012) (collecting cases).

### RECOMMENDATION

Based on the foregoing, it is respectfully RECOMMENDED that (1) the motion to strike (Docket Entry No. 72) of Defendant Wells Fargo be DENIED and (2) the motion to dismiss (Docket Entry No. 52) of Defendant Wells Fargo be GRANTED and that this action be DISMISSED WITH PREJUDICE in its entirety.

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written

objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge